IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charlean Foster, individually and on behalf of a class, | ) ) ) | |
| and | ) ) | 07 C 0824 and 07 C 2989 |
| Jennifer Walcheski, individually and on behalf of a class, | ) ) ) | Hon. William J. Hibbler |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Velocity Investments, LLC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Charlean Foster ("Foster") and Jennifer Walcheski ("Walcheski"), individually and on behalf of all others similarly situated, filed complaints against Defendant Velocity Investments, LLC ("Velocity") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Before the Court is Defendant's motion to dismiss the complaints in their entirety, pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. For the reasons set forth below, Defendant's motion to dismiss both complaints is DENIED.

### I. Factual Background

The following summary of factual allegations is taken from Plaintiffs' complaints and is deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005). Velocity is a purchaser of charged-off debts alleged to be owed by

1

consumers to various creditors. After obtaining the charged-off debt portfolios, Velocity commences collection procedures and, if initial attempts at collection are unsuccessful, files collection lawsuits against the alleged debtors in state court.

Defendant filed suit against Plaintiff Foster and Plaintiff Walcheski in the Circuit Court of Cook County to collect purported credit card debts.[1] Attached to the complaints filed against both Plaintiffs were affidavits signed by Velocity's employee, Craig M. Buckley ("Buckley"), attesting that Plaintiffs owed a debt to Defendant. In particular, the affidavits reflected the amount allocated for the principal balance and the amount allocated for interest and fees. Plaintiff Foster contends that a substantial portion of the amount represented as the principal balance also consisted of interest, finance charges, and fees imposed by the original creditor; therefore, Velocity mischaracterized the portion of the debt pertaining to the principal in violation of the FDCPA. In addition, Plaintiff Walcheski maintains, contrary to Buckley's attestation otherwise, that she did not have an unpaid debt owed to Velocity or any other charged-off debt. Thus, Plaintiff Walcheski alleges that Velocity misrepresented whether the affiant to the affidavit actually give accurate testimony attesting to an unpaid debt, also in violation of the FDCPA.

Plaintiffs bring this action against Defendant for violations of the FDCPA and seek class certification. Plaintiffs also seek statutory damages, attorney's fees, litigation costs and expenses, and any such additional relief that the Court deems appropriate. Defendant moves to dismiss the complaints in their entirety pursuant to *Federal Rule of Civil Procedure 12(b)(6)*.

---

[1] The suits against both Plaintiffs were subsequently dismissed.

## II.    Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.,* 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998).

## III.    Analysis

Plaintiff Foster contends that by misstating the principal balance as an amount inclusive of both principal and interest, Defendant violated § 1692e of the FDCPA, more specifically, §§ 1692e(2)(A) and 1692e(10). Congress originally enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Section 1692e of the FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "Without limiting the general application of the foregoing," the Act proscribes, *inter alia,* the false representation of the character of any debt, 15 U.S.C. § 1692e(2)(A), and the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Defendant advances several arguments in favor of dismissal of Plaintiffs' claims.[2] The Court addresses each of Defendant's arguments in turn.

## A. Applicability of the FDCPA to State Court Proceedings

Defendant initially contends that because the FDCPA does not extend to state court pleadings, the complaint and affidavit filed by Defendant in state court did not violate the FDCPA. The Court disagrees and finds Defendant's reliance on *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470 (7th Cir. 2007), to be misplaced.[3] In *Beler,* the plaintiff (an alleged debtor) filed suit against the law firm retained by the original creditor to collect the debt purportedly owed by the plaintiff. *Id.* at 472. In its attempt to collect the debt, the defendant law firm filed a complaint in state court and attached an affidavit. *Id.* The plaintiff argued that both the complaint and affidavit violated § 1692e of the FDCPA because the description of the contracts between the merchant, transaction processor, and creditor was confusing. *Id.* Although *Beler* questioned the applicability of the FDCPA to state court filings, the Seventh Circuit chose not to decide that issue. *Id.* at 473.

In *Veach v. Sheeks,* 316 F.3d 690, 691-92 (7th Cir. 2002), however, the Seventh Circuit applied the FDCPA to the content of the notice of claim – which doubled as a summons and a complaint – filed in a state small claims court. In *Veach,* the plaintiff wrote a check to prevent repossession of a car. *Id.* at 691. After the car was repossessed

---

[2] Velocity argues the difference between the "purported mischaracterization" alleged in the instant case and a "misrepresentation" as encompassed by the FDCPA. The Court finds this purported nuance unpersuasive. Taking all facts and inferences in the light most favorable to Plaintiffs, the Complaints allege the misstatements as "false, deceptive, or misleading representations." These allegations are sufficient to place the Defendant on notice of Plaintiffs' claims.

[3] Similarly, *Olvera v. Blitt & Gaines P.C.,* 431 F.3d 285, (7th Cir. 2005), lends no support to Defendant's position. In *Olvera,* the Seventh Circuit discussed but did not determine whether the FDCPA could be used to regulate state law. *Id.* at 287. However, in the case at bar, the Court understands Plaintiffs to argue not that the affidavit violated state law but rather that the affidavit violated the FDCPA itself.

despite the plaintiff's partial payment, the plaintiff stopped payment on the check. *Id.* The finance company subsequently hired the defendant who filed suit against the plaintiff in small claims court to recover the amount due for the dishonored check. *Id.* The plaintiff brought suit alleging that the summons and complaint violated the FDCPA due to failure to specify the amount of the debt. *Id.* at 692. The Seventh Circuit held that the notice of claim and summons contained misleading information in violation of the FDCPA. *Id.* at 694, *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000)(finding that a false representation made in connection with a collection proceeding violated § 1692e.). In order to effectuate the intent of the FDCPA, it is reasonable that a document filed in a state court proceeding could be in violation of the FDCPA.

## B.    Witness Immunity

Defendant next argues that because Plaintiffs' FDCPA claims are based solely on an employee's affidavit, the claims are barred by absolute witness immunity. "The common law provided absolute immunity from subsequent damages liability for all persons . . . who were integral parts of the judicial process." *Briscoe v. LaHue*, 460 U.S. 325, 335, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Witnesses at trial enjoy absolute immunity where immunity has not been abrogated by the statute upon which the judicial proceeding is based. *Id.* at 334. Sound policy principles underlying witness immunity for testimony provided during trial also applies to affidavits. *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1995). However, the Supreme Court has carved out an exception to this general rule for "complaining witnesses." *Malley v. Briggs*, 475 U.S. 335, 340, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1985). "[S]uch protection [does] not extend to complaining witnesses who . . . set the wheels of government in motion by instigating

5

a legal action." *Wyatt v. Cole,* 504 U.S. 158, 164-65, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992). The Supreme Court offered two rationales in support of absolute immunity for witness testimony: 1) "witnesses might be reluctant to come forward to testify" without immunity; and 2) "once a witness is on the stand, his testimony might be distorted by the fear of subsequent liability." *Briscoe,* 460 U.S. at 333.

In *Todd v. Weltman, Weinberg & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006), the plaintiff, an alleged debtor, filed suit against the defendant, who had been retained by the original creditor to collect the purported debt. *Id.* at 435. The plaintiff argued that prior to submitting a garnishment affidavit attesting that the plaintiff possessed nonexempt property, the defendant failed to conduct required procedures, in violation of the FDCPA. *Id.* Applying the *Briscoe* factors, the Court held that the defendant was not likely to be reluctant to testify without absolute testimony and because there was an affidavit, the defendant had no room to shade its testimony. *Id.* at 443. Consequently, the Court found the defendant to be a complaining witness and as such not entitled to absolute witness immunity. *Id.* While *Todd* is not binding on this Court, given the similarities to the case at bar, the Court finds *Todd* persuasive.

Because Buckley owes a duty to his employer, he is not likely to be reluctant to testify without absolute immunity. Indeed, denying absolute immunity may encourage Defendant to conduct a thorough investigation into the purported debt and report these findings accurately to alleged debtors. The Court finds this but a pittance, considering the ill effects that collection proceedings have on alleged debtors. Further, because Buckley swore to the allegations in an affidavit, there is no room to distort the testimony.

Therefore, the Court finds that Plaintiffs' claims are not barred by absolute witness immunity.

### C. Illinois' Litigation Privilege

Defendant further maintains that Plaintiffs' claims are barred by the Illinois Litigation Privilege. "A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)(citing *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996)); *see also Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 812 (N.D. Ill. 1999)(refusing to apply Illinois' litigation privilege to FDCPA claims). Because Plaintiffs assert federal rather than state law claims, Plaintiffs' claims arising under the FDCPA are not barred by the Illinois Litigation Privilege.

### D. *Colorado River* and *Rooker-Feldman* Doctrines

Lastly, Defendants argue that, pursuant to the *Colorado River* and *Rooker-Feldman* doctrines, the Court should decline to exercise jurisdiction. The Court disagrees.

Under the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment." *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005)(citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). Recently, the Supreme Court held that the doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005).

Because Plaintiffs plead that both suits were subsequently dismissed, Plaintiffs are not "state-court losers." Further, as Plaintiffs were not injured by a "state-court judgment," this case is not brought by Plaintiffs complaining of an injury caused by the judgment. As the Court understands it, Plaintiffs allege that they were harmed by the state court filings, not a judgment. Consequently, the *Rooker-Feldman* doctrine is not applicable to the case at bar.

Similarly, under the *Colorado River* doctrine, a federal court may – in "exceptional circumstances" – stay a suit when there is a concurrent state proceeding and the stay would promote "wise judicial administration." *Colorado River Water Conservation Dist. v. US*, 424 U.S. 800, 817-18, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). In determining the appropriateness of a stay in a particular case, a court must conduct a two-part analysis, requiring the court first to consider "whether the concurrent state and federal actions are actually parallel." *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). Once the court has established that the suits are concurrent and parallel, the court then must consider factors that might demonstrate the existence of "exceptional circumstances." *Id.*

The proceedings in this case are not concurrent; on the contrary, Plaintiffs allege that the state law cases have been dismissed. Therefore, the Court need not reach the issues of whether the actions are parallel nor whether there exist "exceptional

circumstances." Because the suits are not concurrent, the *Colorado River* abstention doctrine does not apply.

## IV. Conclusion

For the reasons articulated above, the Court DENIES Defendant Velocity's motion to dismiss.

IT IS SO ORDERED.

8/24
_____
Dated

W/m J. Hibbler
_____
Honorable William J. Hibbler
United States District Court